UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
LATONIA LEONARD p/n/g PAYTON LEONARD, a minor
and LATONIA LEONARD, individually

Docket No.: 1:15-cv-7705

Plaintiffs,

-against-

**VERIFIED COMPLAINT**

UNITED STATES OF AMERICA, DEPARTMENT
OF THE ARMY, FORT DRUM CHILD YOUTH
AND SCHOOL SERVICES, CHAPEL DRIVE
CHILD DAYCARE CENTER, and ABC CORPORATIONS
1-10 (fictitious names, actual names unknown),

Defendants.
------------------------------------------------------------------------X

Plaintiff, LATONIA LEONARD p/n/g PAYTON LEONARD, a minor, by her attorneys, THE MANDEL LAW FIRM, complaining of the defendants herein, respectfully alleges upon information and belief:

## JURISDICTION

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331, as this is an action against the United States for money damages arising under the provisions of The Federal Tort Claims Act, 28 U.S.C. § 1346(b), §§ 2671-2680, in which a minor sustained injuries in a daycare facility situated on a United States military base.

## THE PARTIES

2. At all times hereinafter mentioned, plaintiff, LATONIA LEONARD p/n/g PAYTON LEONARD, a minor ("LATONIA LEONARD") was and still is a resident of 99054 Mountain View Drive in the town of Fort Drum, County of Jefferson, and State of New York.

3. At all times hereinafter mentioned, plaintiff, LATONIA LEONARD, was and still is the biological mother and natural guardian of plaintiff, Payton Leonard ("PEYTON LEONARD"), her son, a minor whose date of birth is September 21, 2010 and who resided with his mother, LATONIA LEONARD, and his father, Patrick Leonard, at all times relevant hereto at 99054 Mountain View Drive in the town of Fort Drum, County of Jefferson, and State of New York.

4. At all times hereinafter mentioned, plaintiff, LATONIA LEONARD was and still is a licensed practical nurse employed by the United States Department of Defense.

5. At all times hereinafter mentioned, defendant, UNITED STATES OF AMERICA, was and still is a sovereign nation and a body politic that owned, operated, managed, maintained, and/or had charge and control of the real property and premises known as Chapel Drive Children's Daycare Center located on the Fort Drum Military Base at 10785C Chapel Drive, in the town of Fort Drum, County of Jefferson and State of New York.

6. At all times hereinafter mentioned, defendant, DEPARTMENT OF THE ARMY, was and still is a branch of the military of the defendant, UNITED STATES OF AMERICA, that owned, operated, managed, maintained, and/or had charge and control of the real property and premises known as Chapel Drive Children's Daycare Center located on the Fort Drum Military Base at 10785C Chapel Drive, in the town of Fort Drum, County of Jefferson and State of New York.

7. At all times hereinafter mentioned, upon information and belief, defendant, FORT DRUM CHILD YOUTH AND SCHOOL SERVICES, was and still is a division of the defendant, DEPARTMENT OF THE ARMY, that owned, operated, managed, maintained, and/or had charge and control of the real property and premises known as Chapel Drive Children's Daycare Center located on the Fort Drum Military Base at 10785C Chapel Drive, in the town of Fort Drum, County of Jefferson and State of New York.

8. At all times hereinafter mentioned, upon information and belief, defendant, CHAPEL DRIVE CHILD DAYCARE CENTER, was and still is a children's daycare center existing under the auspices of the defendant, FORT DRUM CHILD YOUTH AND SCHOOL SERVICES, that owned, operated, managed, maintained, and/or had charge and control of the real property and premises known as Chapel Drive Children's Daycare Center located on the Fort Drum Military Base at 10785C Chapel Drive, in the town of Fort Drum, County of Jefferson and State of New York.

9. At all times hereinafter mentioned, defendants, ABC CORPORATIONS 1-10 (fictitious names, actual names unknown), were and still are unknown corporations authorized and doing business within the State of New York, with principal offices located at a presently unknown location, that owned, operated, managed, maintained, and/or had charge and control of the real property and premises known as Chapel Drive Children's Daycare Center located on the Fort Drum Military Base at 10785C Chapel Drive, in the town of Fort Drum, County of Jefferson and State of New York.

## AS AND FOR A FIRST CAUSE OF ACTION

10. That on or about November 21, 2013, at approximately 4:15 p.m., while plaintiff, PEYTON LEONARD, a minor, was lawfully on the above-described premises known as Chapel Drive Children's Daycare Center located on the Fort Drum Military Base at 10785C Chapel Drive, in the town of Fort Drum, County of Jefferson and State of New York, the said minor was caused to slip and fall off of a playground ladder and slide apparatus to the floor, through no fault of his own and while he was exercising due care and caution for his own safety, as a direct and proximate result of the carelessness, recklessness and/or negligence of the defendants, UNITED STATES OF AMERICA, DEPARTMENT OF THE ARMY, FORT DRUM CHILD YOUTH AND SCHOOL SERVICES, CHAPEL DRIVE CHILD DAYCARE CENTER, and/or ABC CORPORATIONS 1-

10 (fictitious names, actual names unknown), jointly and severally, proximately causing serious and permanent physical injuries and damage to the plaintiff, Peyton Leonard, a minor, herein.

11. At all times hereinafter mentioned, the said accident and the injuries to plaintiff, PEYTON LEONARD, a minor, resulting therefrom, were caused wholly and solely by reason of the carelessness, recklessness and negligence of all of the defendants aforesaid in the ownership, operation, management, maintenance, charge and control of the aforesaid premises known as Chapel Drive Children's Daycare Center located on the Fort Drum Military Base at 10785C Chapel Drive, in the town of Fort Drum, County of Jefferson and State of New York, and the playground thereat and the ladder and slide apparatus thereupon, including but not limited to in failing to adequately, properly and reasonably supervise the children playing in the playground and the infant plaintiff; in allowing the infant plaintiff to participate in activities which were beyond his skill level; in failing to hire efficient and sufficient personnel in connection with the supervision of the daycare program; in failing to train their employees to enable them to control children on the playground; in failing to properly and adequately supervise the activities engaged in at the daycare facility; in failing to promulgate proper and adequate rules and regulations governing proper supervision; in failing to properly and adequately monitor the activities in which the infant plaintiff was involved; in failing to prevent and/or stop inappropriate activity; in failing to ensure that the daycare provided those in its charge, and those utilizing its facilities, such as Peyton Leonard, a minor, with a safe and proper environment; in failing to take minimal safety precautions to have prevented the infant plaintiff's injuries; in failing to prevent the plaintiff, such as PEYTON LEONARD, a minor, from climbing the steps of the ladder leading to the playground slide and from falling to the ground or being pushed to the ground there from by another child from that height; in carelessly, recklessly, negligently and knowingly, and for a long and/or unreasonable length of time, causing and/or permitting the premises to exist in a dangerous and trap-like condition; in failing and omitting to

warn or give notice to the plaintiffs of the dangerous and hazardous conditions existing thereat; in carelessly, recklessly, negligently and knowingly, and for a long and/or unreasonable length of time, causing and/or permitting the premises to remain in a dangerous condition; in carelessly, recklessly, negligently and knowingly, and for a long and/or unreasonable length of time, failing and omitting to provide the plaintiff, PEYTON LEONARD, a minor, herein with a safe area in which to play; in failing to take reasonable precautions for the said minor plaintiff's safety; in failing and omitting to take prompt, proper, and suitable precautions for the said minor plaintiff's safety; in negligently hiring, retaining, supervising and training its employees; in negligently failing to warn; and in otherwise being careless, reckless and negligent.

12.     That all of the aforesaid defendants had actual and/or constructive notice therefore of said dangers and hazards, and otherwise knew, or should have known, that the daycare center at issue lacked adequate safety measures and could not provide adequate and reasonable child supervision.

13.     That the said slip and fall accident and the subsequent injuries and damages sustained by plaintiff, PEYTON LEONARD, a minor, were caused solely through and by reason of the negligence, carelessness and/or recklessness of defendants, their agents, servants and/or employees, without any negligence on the part of the plaintiffs contributing thereto in any way whatsoever.

14.     That as a direct and proximate result of the carelessness, recklessness and negligence of the defendants as aforesaid, plaintiff, PEYTON LEONARD, a minor, was rendered sick, sore, lame and disabled; sustained severe physical, mental and emotional personal injuries, some of which are permanent in nature, including, but not limited to, multiple, severe, and permanent injuries to his head, neck, back, body, torso, arms, legs and limbs; has been, is now, and will in the future continue to be incapacitated from his normal pursuits and unable to perform his

usual and customary activities of daily living; has endured, is enduring and will in the future continue to endure and suffer severe pain and suffering; has incurred, is incurring, and will in the future incur extensive medical expenses and hospital expenses in an effort to cure himself of his injuries; suffered past, present and future missed time from school as a result of not being able to perform his school functions, all which the plaintiff is informed and verily believes that the same will continue in the future, all to his great detriment and loss, in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

## AS AND FOR A SECOND CAUSE OF ACTION

15. Plaintiffs repeat and re-allege each and every allegation set forth in the First Cause of Action as though more fully set forth at length herein.

16. At all times hereinafter mentioned, plaintiff, LATONIA LEONARD was and is the biological mother and natural guardian of plaintiff, PEYTON LEONARD, a minor.

17. By reason of the injuries sustained by her son, as a direct and proximate result of the carelessness, recklessness and negligence of the defendants as set forth above, plaintiff, LATONIA LEONARD, has been deprived of the consortium, society and companionship of her son, plaintiff, PEYTON LEONARD, a minor.

18. As a direct and proximate result of the foregoing, plaintiff, LATONIA LEONARD has suffered, is suffering and will in the future suffer great mental and emotional anguish and has incurred, is incurring and will in the future incur losses of substantial sums of money needed for medical expenses in an effort to cure her son of his injuries and she has been, is being and will in the future be damaged in many other serious ways.

19. As a direct and proximate result of the foregoing, plaintiff, LATONIA LEONARD, has been, is being and will in the future be grievously damaged in an amount which exceeds the jurisdictional limits of all of the lower courts which would otherwise have jurisdiction.

**WHEREFORE**, Plaintiffs LATONIA LEONARD p/n/g PAYTON LEONARD, a minor, and LATONIA LEONARD, individually, demand judgment against the defendants:

a. On the First Cause of Action in a sum exceeding the jurisdictional limits of all of the lower courts which would otherwise have jurisdiction herein, together with interest, the costs and disbursements of this action; and such further relief as the court deems just and proper;

b. On the Second Cause of Action in a sum exceeding the jurisdictional limits of all of the lower courts which would otherwise have jurisdiction herein, together with interest, the costs and disbursements of this action; and such further relief as the court deems just and proper.

### JURY DEMAND

**WHEREFORE**, Plaintiffs LATONIA LEONARD p/n/g PAYTON LEONARD, a minor, and LATONIA LEONARD, individually, demand a trial by jury on all issues so triable.

Dated: September 30, 2015
      New York, New York

                                                      Yours, etc.,
                                                    THE MANDEL LAW FIRM
                                                    Attorneys for Plaintiff
                                                    370 Lexington Avenue, Ste. 505
                                                    New York, New York 10017
                                                    (212) 697-7383, Fax: (212) 681-6157
                By:
                                                    Christopher Trochiano, Esq.
                                                    (CT 1622)

To:    Department of the Army
          U.S. Army Claims Services
          Office of the Judge Advocate General
          4411 Llewellyn Ave
          Suite 5360
          Fort Meade, MA 20755-5125

Chapel Drive Child Daycare Center
Building P-10785c
Chapel Drive
Fort Drum, NY 13602

Fort Drum Child Youth and School Services
Fort Drum Clark Hall
Building P-10720 Suite A6-2
Mount Belvedere Boulevard
Fort Drum, NY 13602

The United States of America
c/o  The United States Attorney General
120 Broadway
New York, NY 10271